IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  08-cv-02404-WYD-MJW

AGRIHOUSE, INC.;
RICHARD J. STONER; and
ROBERT J. ATWELL,

    Plaintiffs,

v.

AGRIHOUSE, L.L.C.; and
JD INVESTMENT CO., L.L.C.,

    Defendants.

## ORDER

THIS MATTER is before the Court on Defendants' Motion to Stay Action Pending Arbitration [doc. #37], filed January 20, 2009.  Defendants request a stay in the present action pending arbitration pursuant to the Federal Arbitration Act, specifically     9 U.S.C. § 3.  Plaintiffs filed a response on February 9, 2009, and Defendants replied on February 23, 2009.

By way of background, on November 5, 2008, Plaintiffs brought the present action seeking a declaration that there is no valid contract between the parties. Defendants then filed a petition in the United States District Court for the Western District of Washington for an order to compel arbitration.  The center of that dispute as well as the present Motion is "Section 12.13" of the contract, which purports to  require the parties to resolve any dispute under the contract through arbitration in Seattle,

Washington. On February 9, 2009, the Western District of Washington dismissed the action to compel arbitration without prejudice based on the "first to file" rule, so that this Court could proceed with the present action. *JD Inv. Co. v. Agrihouse, Inc.*, No. C08-1661RSM, 2009 WL 1131277 (W.D. Wash. Jan. 13, 2009).

## A. Issue Preclusion

Plaintiffs argue in their response that issue preclusion, which is also known as collateral estoppel, bars the present Motion because the issue presently at hand was already litigated in the Western District of Washington. Issue preclusion "bars a party from relitigating an issue once it has suffered an adverse determination on the issue, even if the issue arises when the party is pursuing or defending against a different claim." *Park Lake Res. LLC v. United States Dep't of Agric.*, 378 F.3d 1132, 1136 (10th Cir. 2004). Issue preclusion applies when:

> (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*Id.*

I find that the second element of final adjudication on the merits has not been satisfied. With regard to that element, the Tenth Circuit has held:

> Adjudication on the merits requires that the adjudication be necessary to the judgment. In particular, once a court determines that it does not have subject matter jurisdiction to consider a claim, any discussion of the merits of that claim is unnecessary to the judgment and therefore does not constitute collateral estoppel for purposes of future litigation of issues involved in that claim.

*Murdock v. Ute Indian Tribe of Uintah and Ouray Reservation*, 975 F.2d 683, 687-88 (10th Cir. 1992) (citations omitted).  Along those lines, the Tenth Circuit has further held that "dismissals for lack of jurisdiction preclude relitigation of the issues determined in ruling on the jurisdictional question."  *Park Lake*, 378 F.3d at 1136.

The Western District of Washington issued the order in question on a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), and 12(b)(6), filed by Agrihouse, Inc. and Robert J. Atwell, plaintiffs in the present action.  The court found "good cause to refrain from exercising jurisdiction" and "decline[d] to reach the merits of the Rule 12 motion," dismissing the action without prejudice "in favor of the Colorado litigation."  *JD Inv. Co.*, 2009 WL 113277 at *1.  The court followed the "first to file" rule, which permits a district court to decline jurisdiction where an identical action has already been filed in another district.  *Id.* at *2 (citing *Pacesetter Sys., Inc., v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir.1982)).  In finding that the action before it was identical to the present action, the court noted:

> [I]f the Operating Agreement is unenforceable, the arbitration clause in the Operating Agreement is unenforceable as well.  This Court cannot proceed to enforce the arbitration clause until the validity and enforceability of the agreement as a whole has been determined.  The enforceability of the Operating Agreement has been put at issue in this action by respondents, making the two actions identical in issues as well as in parties and subject matter.  Any determination by this Court on enforceability would duplicate the effort already underway in the Colorado court.  It would best serve the interests of judicial comity and efficiency for this Court to refrain from exercising jurisdiction so that the Colorado court may proceed in the first-filed action.
> 	Accordingly, respondent's motion (Dkt. #3) is GRANTED as to the request that this Court refrain from exercising jurisdiction, and this action is DISMISSED without prejudice pursuant to the "first to file" rule.

*Id.*

Plaintiffs argue that this language precludes the relitigation of whether the present matter should be referred to arbitration, but I disagree. The Western District of Washington explicitly declined to reach the merits of the jurisdictional matter before it. In invoking the "first to file" rule, the Western District of Washington found it inappropriate to make any findings with regard to the contract in light of the present action in this Court. I do not regard the language relied upon by Plaintiffs as binding but rather as dicta in an opinion in which deference to this Court was the controlling factor. That language is akin to a court's non-preclusive discussion of the merits of a claim for which it has determined that it does not have subject matter jurisdiction. *See Murdock*, 975 F.2d at 687-88. Accordingly, I find that issue preclusion does not bar my consideration of the present Motion, and I proceed to address the merits of the Motion.

**B. Enforceability of the Arbitration Clause**

The Federal Arbitration Act provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . .

9 U.S.C. § 3. The parties do not dispute that the contract presently at issue falls within the ambit of the Federal Arbitration Act, but Plaintiffs argue that the central issue in the present case - the validity of the contract - is not referable to arbitration because the contract's arbitration provision is not enforceable.

With regard to whether a matter should be referred to arbitration, the Supreme Court has held, "Although the Court has also long recognized and enforced a liberal federal policy favoring arbitration agreements, it has made clear that there is an exception to this policy: The question whether the parties have submitted a particular dispute to arbitration . . . is an issue for judicial determination unless the parties clearly and unmistakably provide otherwise." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) (internal quotations and citations omitted). "Thus, a gateway dispute about whether the parties are bound by a given arbitration clause raises a 'question of arbitrability' for a court to decide." *Id.* at 84; *see also United Steelworkers of Am. v. Warrior and Gulf Navigation Co.*, 363 U.S. 574, 582 (1960) ("[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to submit.").

My determination of whether the arbitration provision is valid is separate from the determination of whether the contract as a whole is valid. The Supreme Court has held:

> First, as a matter of substantive federal arbitration law, an arbitration provision is severable from the remainder of the contract. Second, unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance. Third, this arbitration law applies in state as well as federal courts.

*Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445-46 (2006). The *Buckeye* Court reiterated that "regardless of whether the challenge is brought in federal or state court, a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator." *Id.* at 449. The Supreme Court has further held, "When deciding whether the parties agreed to arbitrate a certain matter . . . ,

courts generally . . . should apply ordinary state-law principles that govern the formation of contracts." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).

Accordingly, I turn to state contract law principles in determining whether the arbitration provision is valid and binds the parties in the present matter. "In a diversity action, a federal district court must apply the substantive law of the state in which it sits, . . . including principles regarding choice of law." *Vandeventer v. Four Corners Elec. Co.*, 663 F.2d 1016, 1017 (10th Cir. 1981) (citations omitted); *see also Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Under Colorado law, courts "should apply the law chosen by the parties unless there is no reasonable basis for their choice or unless applying the law of the state so chosen would be contrary to the fundamental policy of a state whose law would otherwise govern." *Hansen v. GAB Bus. Servs., Inc.*, 876 P.2d 112, 113 (Colo. Ct. App. 1994) (citing Restatement (Second) of Conflict of Laws § 187 (1971)). The contract presently at issue contains a provision indicating the parties' choice of Washington law. *See* Response Ex. C at § 12.6. Defendants accordingly argue that Washington law should apply, because "Washington has the most significant relationship to the transaction, which involved the formation of a Washington limited liability company." Reply at 5 n.5. Plaintiffs do not challenge this contention but rather provide authority from both Washington and Colorado, arguing that the two are "identical." Response at 9. I agree with Defendants that Washington law should govern.

Washington courts have followed the Restatement of Contracts in finding, "An enforceable contract requires, among other things, an offer with *reasonably certain*

terms." *Andrus v. State, Dep't of Transp.*, 117 P.3d 1152, 1154 (Wash. Ct. App. 2005) (citing Restatement (Second) of Contracts § 33 (1979)). "Terms are reasonably certain if they provide a basis for determining the existence of a breach and for giving an appropriate remedy." Restatement § 33(2). "The fact that one or more terms of a proposed bargain are left open or uncertain may show that a manifestation of intention is not intended to be understood as an offer or as an acceptance." *Andrus*, 117 P.3d at 1154 (quoting Restatement § 33(3)). "When there is uncertainty of meaning in the terms of the promise that the court cannot resolve, the promise is fatally ambiguous." *State v. Nason*, 981 P.2d 866, 868 (Wash. Ct. App. 1999). "When each party has a different understanding of a material term, a basis exists for a court to find no contract was formed." *Id.* "But the actions of the parties may show conclusively that they have intended to conclude a binding agreement, even though one or more terms are missing or are left to be agreed upon. In such cases courts endeavor, if possible, to attach a sufficiently definite meaning to the bargain." Restatement § 33 cmt. a.

The arbitration provision presently at issue is entitled "Section 12.13 <u>Dispute Resolution and Deadlock</u>," and it begins:

> This <u>Section 11.14</u> shall apply to any dispute arising under or related to this Agreement or the Contribution Agreement . . . including (i) any dispute regarding the construction, interpretation, performance, validity or enforceability of any provision of this Agreement or the Contribution Agreement or whether any Person is in compliance with, or breach of, any provisions hereof or thereof and (ii) the applicability of this <u>Section 11.14</u> to a particular dispute. . . . The provisions of this <u>Section 11.14</u> shall be the exclusive method of resolving Disputes."

Response Ex. C § 12.13. Plaintiffs argue that this provision is "fatally uncertain" and constitutes an unenforceable "agreement to agree" because three things are not

defined. First, the parties have stipulated that the "Contribution Agreement," which is explicitly incorporated by this provision, was never executed. Second, they have also stipulated that the "Asset Purchase Agreement," which is incorporated by the contract, was never executed. Third, there is no "Section 11.14" of the contract.

However, I find that the material terms of this provision are reasonably certain and that the provision unambiguously requires the parties to resolve disputes under the contract, including whether a particular matter is arbitrable, in arbitration. I find that the undefined terms of the arbitration provision do not render the provision invalid. First, the Contribution Agreement is mentioned twice, both times following the alternative conjunction "or" and therefore having no effect on the agreed-to resolution of disputes regarding "the Agreement," i.e. the contract. Second, the Asset Purchase Agreement is never mentioned specifically in the arbitration provision, so Plaintiffs are in effect challenging the validity of the contract as a whole rather than that of the severable arbitration clause. Third, it is reasonably certain that "this Section 11.14" is an erroneous reference to Section 12.13, and such readily apparent error cannot render the arbitration clause invalid. Accordingly, I find that the parties agreed to arbitrate disputes under the contract, including whether a matter is arbitrable and the validity of the contract as a whole.

I do not have the authority to compel arbitration pursuant to 9 U.S.C. § 4, because the Tenth Circuit has held that "where the parties agreed to arbitrate in a particular forum only a district court in that forum has authority to compel arbitration under § 4." *Ansari v. Qwest Commc'ns Corp.*, 414 F.3d 1214, 1219-20 (10th Cir. 2005).

Here, the parties agreed to arbitrate in Seattle, Washington, and this Court is not in that forum.  However, my authority to compel is not presently at issue, as the only relief requested by Defendants is a stay of litigation.  Accordingly, I find that the precedent requires me to stay this case so that the parties can proceed to arbitration.  Furthermore, I find that this case should be administratively closed pursuant to D.C.COLO.LCivR 41.2, rather than leaving it open for months pending arbitration.  *See Quinn v. CGR*, 828 F.2d 1463, 1465 and n. 2 (10th Cir. 1987) (construing administrative closure as the practical equivalent of a stay).  The case may be reopened for good cause shown, which shall include any further court proceedings the parties deem necessary after arbitration.  Accordingly, it is hereby

ORDERED that Defendants' Motion to Stay Action Pending Arbitration [doc. #37], filed January 20, 2009, is **GRANTED**.  This case is **ADMINISTRATIVELY CLOSED** pursuant to D.C.COLO.LCivR 41.2, to be reopened for good cause shown.

Dated:  April 16, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge